

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 28, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-170

RE: The refund of
motor fuel tax
to one converting
naphtha to light-
er fluid for mark-
eting in small
containers.

Dear Mr. Sheppard:

In your letter of April 9, 1947, you re-
quest the opinion of this department upon the appli-
cation of the Gibson Products Company, Seagoville,
Texas, for refund of motor fuel taxes paid by said
concern upon naptha (coming clearly within the defi-
nition of motor fuel) which it purchased and put up
in small containers for sale as cigarette and cigar
lighter fluid.

Section 13a, Article 7065b, provides as
follows:

"Any person who purchases motor
fuel in the State of Texas, and any
distributor who appropriates motor
fuel for use when such motor fuel pur-
chased by such person or used by such
distributor for operating or propel-
ling any stationary gas engine or trac-
tor used for agricultural purposes,
motor boats, aircraft, or for any pur-
pose other than use in a motor vehicle
operated or intended to be operated in
whole or in part upon any of the public
highways, roads, or streets of the
State of Texas, on which motor fuel tax
has been paid, either directly or indi-
rectly, shall be refunded the amount of
such taxes so paid, by the distributor,
exclusive of the one (1) per cent de-
duction allowed distributors upon the
first sale, distribution or use of said

350

motor fuel, for collecting and remit-
ting the tax and for evaporation and
other losses in the manner and subject
to the limitations and conditions de-
scribed herein.  Provided, however,
that no greater amount shall be refund-
ed than has been paid into the Treasury
on any motor fuel.  The tax actually
paid by any distributor or person shall
be refunded as provided herein on mo-
tor fuel not subject to the tax."

Clearly before the Gibson Products Company
is entitled to a refund, it must establish its right
thereto under the terms of said statute.  The only ba-
sis upon which the Gibson Products Company can qualify
for a refund is that portion of the statute reading as
follows:

". . . . or for any purpose other
than use in a motor vehicle operated or
intended to be operated in whole or in
part upon any of the public highways,
roads, or streets of the State of Texas,
on which motor fuel tax has been paid,
either directly or indirectly. . . ."

Concededly, the use to which this concern
appropriates the naphtha, namely, converting it into
cigarette and cigar lighter fluid sold in small quan-
tities is a use for some other purpose other than use
in a motor vehicle operated or intended to be operated
in whole or in part on any of the public highways, etc.,
of the State.

We are of the opinion that the Gibson Prod-
ucts Company is in truth the consumer as contemplated
under the statute rather than the purchaser of the small
quantities of cigarette and cigar lighter fluid con-
verted by the consumer into these small quantities and
sold promiscuously to the ultimate users of this fluid.
It follows that the Gibson Products Company is entitled
to a refund as a qualified consumer for a purpose other
than use in a motor vehicle operated or intended to be
operated in whole or in part upon any of the public high-
ways, roads, etc., of this State.  We assume, of course,
that it has met the other provisions of the statute in
regard to timely filing application for refund and has
made use of the naptha, a motor fuel, within the time
prescribed by other provisions of the statute.

351

### SUMMARY

If naphtha, a motor fuel, is converted into cigarette and cigar lighter fluid and sold as the latter product, one who converts such motor fuel into such use is under the terms of Article 7065b a consumer and entitled to a refund as a consumer for use other than in a motor vehicle operated or intended to be operated in whole or in part upon any of the public highways, roads or streets of the State of Texas; provided, such consumer can qualify under the other provisions of the act in timely presenting a claim for refund and in the timely use of the motor fuel thus converted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By L. P. Lollar
   Assistant

LPL/lh/wb

APPROVED APRIL 28, 1947

Price Daniel
ATTORNEY GENERAL OF TEXAS